**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VICTOR LEE LEWIS,

    Petitioner,

v.                                                            Case No. 8:23-cv-9-CEH-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

    Lewis, a Florida prisoner, petitions for the writ of habeas corpus (Docs. 12, 17). Respondent moves to dismiss Lewis' claims as time-barred under the applicable statute of limitations (Doc. 16). Upon consideration, the motion to dismiss will be granted.

    The Anti–Terrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed under 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

1

limitation under this subsection." 28 U.S.C. § 2244(d)(2).

PROCEDURAL HISTORY

Lewis pleaded no contest to twenty counts of sex offenses against children (Doc. 16-2, Exs. 2-4). On December 14, 1989, Lewis was sentenced to 215 years in prison (*Id.*, Exs. 5-7). Lewis did not appeal.

Lewis filed a motion to withdraw his plea on January 3, 1990 (*id.*, Ex. 8), which was denied on February 7, 1990 (Ex. 9). On May 3, 1991, Lewis filed a motion for post-conviction relief (*id.*, Ex. 10), which was denied on May 23, 1991 (*Id.*, Ex. 11). The state appellate court reversed and remanded because the state post-conviction court failed to attach portions of the record refuting Lewis' claims (*Id.*, Ex. 14). On remand, the state post-conviction court again denied relief (*Id.*, Ex. 16). The state appellate court affirmed (*Id.*, Ex. 19). The appellate court's mandate issued on November 27, 1991 (*Id.*, Ex. 20).

Lewis filed no further post-conviction motions or petitions until February 19, 2002, when he filed a petition for the writ of habeas corpus in the trial court (*Id.*, Ex. 1 at p. 2). The petition was dismissed on February 25, 2002 (*Id.*, Ex. 1 at p. 2). Beginning in 2013, Lewis filed several more post-conviction motions, all denied (*Id.*, Ex. 1 at pp. 1-2). Lewis filed his initial federal habeas petition in this Court on December 28, 2022 (Doc. 1).

ANALYSIS

Lewis' convictions were final before the 1996 enactment of the AEDPA. Prisoners seeking federal habeas corpus relief from a conviction, which became final

before April 24, 1996, must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). Thus, petitioners like Lewis, whose convictions became final before April 24, 1996, had until April 23, 1997, to file a petition for writ of habeas corpus absent properly filed collateral applications in the state court, which tolled the statutory period.

Lewis had no post-conviction motion pending between April 24, 1996, and April 23, 1997. He filed a post-conviction motion/habeas petition in state court on February 19, 2002, and several more post-conviction motions beginning in 2013. However, none of those post-conviction motions tolled the running of the AEDPA's limitations period because they were initiated well after it expired on April 23, 1997. *See Alexander v. Secretary, Dept. of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008) ("While a 3.850 motion is a tolling motion under § 2244(d)(2), it could not toll the one-year limitations period if that period already had expired.") (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Thus, the instant federal habeas petition is untimely as it was filed after expiration of the AEDPA's one-year limitations period.

Lewis has shown neither extraordinary circumstances that prevented him from filing his federal petition within the one-year time limit (*see Holland v. Florida*, 560 U.S. 631, 645 (2010)) nor that he is actually innocent of the crimes for which he was

3

convicted (see *McQuiggin v. Perkins*, 569 U.S. 383 (2013)).[1] Therefore, his petition is time-barred.

Accordingly:

1. Lewis' petition for the writ of habeas corpus (Docs. 12, 17) is **DISMISSED** as time-barred.

2. If Lewis appeals the dismissal of the petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is unwarranted, Lewis may not appeal *in forma pauperis*.

3. The Clerk of the Court is directed to close this case.

ORDERED in Tampa, Florida, on April 1, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Victor Lee Lewis, *pro se*
Counsel of Record

---

[1] Lewis' vague assertion that he had no assistance of counsel or prison law clerks to prepare a habeas petition (*see* Doc. 17-1 at pp. 14-15) warrants no equitable tolling. *See, e.g., Gonzalez v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 2100043, at *3 (M.D. Fla. May 7, 2018) (lack of access to inmate law clerks not an extraordinary circumstance justifying equitable tolling); *Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as untimely; "restricted access to a law library, lock-downs, and solitary confinement," as well as "lack of legal training" and "inability to obtain appointed counsel" seldom qualify as circumstances warranting equitable tolling).